224054 Ace American Insurance Company v. Zurich American Insurance Company, Discover Property and Casualty Insurance Company. Oral argument not to exceed 15 minutes, I'm sorry, oral argument 15 minutes for the plaintiffs, 15 minutes to be shared by the defendants. Mr. Wadley for the plaintiff appellant. Good morning. Good morning, Your Honors. Chris Wadley on behalf of the appellant Ace American Insurance Company. I have reserved five minutes for rebuttal. Very well. Your Honors, Ace's position is that the district court erred by applying the defendant's contract notice conditions to defeat Ace's claim for equitable contribution without requiring the defendants to show that they were prejudiced by the lack of notice respect to the underlying case. Ohio law recognizes a right of equitable contribution among insurers when they share a common obligation. In this case, it's undisputed that each of the insurers issued policies to Safe Flight, the insured, under which they promised to defend Safe Flight against any suit alleging personal and advertising injury occurring as a result of offenses during their respective policy periods. In the underlying case, the claimant, Mr. Camfield, alleged personal and advertising injury offenses throughout all three carriers' policy periods, which triggered a common obligation to defend by all three. Safe Flight targeted Ace to provide a defense, which Ace did. Ace fulfilled that obligation. The defendants in this case have stipulated that for purposes of this equitable contribution action, all of the expenses that Ace paid for Safe Flight's defense were reasonable and necessary. And thus, under Park, Ohio, the Ohio Supreme Court case, the lack of notice that was provided to the defendants is not a defense to the equitable contribution action unless, quote unquote, the non-targeted insurer, as Park, Ohio, said, lack of notification to a non-targeted insurer will bar the targeted insurer's claim for contribution against that non-targeted insurer only if the failure to notify resulted in prejudice to the non-targeted insurer. And so that's the rule of Park, Ohio, but the district court in this case did not apply that rule. The reasoning being was that the district court made a distinction between so-called progressive injury cases and the instant case and held that the rule of Park, Ohio, is limited to cases alleging progressive injuries. Well, your position is it is not so limited that it doesn't? Yes. Our position is that what triggers the right of equitable contribution is a common obligation owed by more than one carrier. And so when you're dealing with, and that's where a distinction is made between the duty to defend and the duty to indemnify. With respect to a duty to defend, a carrier has an obligation to defend an entire lawsuit even if only one of the allegations triggers potential coverage, which in turn permits the insured to then select that carrier to defend against the entire lawsuit. The insured is, after all, only entitled to one defense. The suit is only about duty to defend and defense costs, right? Exactly. Because in the trial court, Safe Flight did obtain summary judgment, and I know that was recently reversed, but there was no actual liability incurred under which a determination would need to be made as to which carrier was liable to indemnify. As we're dealing with equity, equitable contribution, why were the other two insurance companies not timely named by either you or by the insured? That's not entirely clear from the record. What is stipulated, too, in the record is that ACE did inquire as to the identities, but Safe Flight did not notify the other carriers and did not invite their participation until the motion to dismiss. Okay, so you've got the insured, Safe Flight, and once they notified your company and your company is defending and incurring the defense costs, they don't have a lot of incentive to go get other insurance companies involved as well. So I can kind of see that, but how about you? How about, why didn't ACE notify these other companies that were also liable for defense costs? Well, initially ACE didn't know about them. And you didn't know that they had insurance before your coverage period started? Well, didn't know who they were until that was disclosed to ACE by Safe Flight. And when did you inquire of Safe Flight? The inquiry was made in... It seems to me that it's one of the first things an insurance company asks is, do you have other insurance? Right. So in the record, in this case, the request was made in October of 2018. So there's no question that ideally the defendant carriers would have been notified sooner. But it was clear and the defendant carriers have admitted that Safe Flight did not want or expect their participation in the defense of the case and only notified them once the motion to dismiss was denied. Is that fact of when notification occurred relevant to the prejudice analysis? No, not really. Not under Park, Ohio. Because if you look at Park, Ohio, if you look at what the appellate court said in that case, which was affirmed on appeal, the appellate court said that the Pennsylvania general, which was the carrier seeking contribution, did not have any obligation to notify the other carriers until after the underlying lawsuit was concluded. Because under the rule of Park, Ohio, the insured is entitled to select one carrier to provide the defense. And so this is the same issue that was raised. I guess that kind of brings up the question of to what extent is Park, Ohio really controlling in this instance, given that it was an asbestos or whatever, some sort of a continual injury kind of case. Is it Park, Ohio really just sui generis to that kind of a lawsuit, not to the run-of-the-mill lawsuit? This seems more like a run-of-the-mill lawsuit to me. I don't think so, because I think what Park, Ohio stands for is the proposition that when the insurers share a common obligation, and in that case they shared common obligations to both defend and indemnify by virtue of the nature of the underlying injuries. They were progressive in nature. And so in that case, the equitable contribution doctrine applied to both defense and indemnity. So you would say Park, Ohio applies any time you have multiple insurers for a case. It doesn't distinguish between any kind of case. It would apply to all cases. I think Park, Ohio represents a rule of law that applies to equitable contribution. So you have to have the prerequisite that under the policies, the carriers share a common obligation such that the insured can select one of them to fulfill that obligation. But they don't really. They only have obligations, at least as far as indemnity goes, for distinct periods of time. Well, that's correct. And that's an issue that didn't have to be resolved. If this was a situation where a settlement had been reached and equitable contribution was sought for damages that were clearly allocable to particular policy periods, for example, like the Lubrizol situation, then that would be a different story. Suppose then Safe Flight now settles having lost in the Sixth Circuit. Then does the notification provision become relevant for that indemnity obligation under that settlement? Well, I guess you would have to see what damages are being settled, right? Because I suppose that theoretically if Safe Flight were to settle the case, then a determination would have to be made by each carrier as to whether the all sums approach applies with respect to those damages, because you cannot allocate among the various policy periods. Or if there are discrete damages that can be allocated to statements made in each carrier's policy period, then each carrier would only pay the portion of the settlement that pertains to  So you're saying the Lubrizol case would apply to the settlement, but Penn General would apply to duty to defend? I think that potentially Lubrizol would apply to the settlement. I mean, Safe Flight I'm sure would disagree with the proposition that they can only recover portions of any settlement from each carrier. I'm sure Safe Flight would take the position that, well, you can't allocate among these policy periods by virtue of the nature of the injuries. That issue is not before us. That issue is not before the court. It's interesting, and it may come out differently. But our issue is just the defense costs that are stipulated to be reasonable and necessary. That's exactly right, Your Honor. And I see that my time is expired. All right, you'll have your five minutes rebuttal. Yes, thank you. All right, I see that the defendants have split their time. Yes, Your Honor. May it please the court, my name is Jennifer Mesko. I represent Appellee Zurich American Insurance Company. I'll be addressing the joint issues that are shared by both appellees and will reserve five minutes for Discover's counsel to address its unique arguments. Very well. The issue here is straightforward. Do Zurich and Discover share an obligation to pay pre-tender defense costs where those costs were incurred without consent or notice to either insurer? Consistent with established Ohio precedent, the district court correctly found that Zurich and Discover are not liable for pre-tender defense costs because a four-year delay in notice was not reasonable as a matter of law. This court should affirm. Okay, but there's no finding of prejudice. You just say that... There was no finding of prejudice. You just say, okay, the delay is unreasonable, but it did not result in any prejudice. So why does it matter? Well, a couple things, Your Honor. First, to start, equitable contribution requires a shared obligation between the insurance companies. Here, you don't have one because to determine whether or not you have a shared obligation, you have to look at the underlying policy. The underlying policies required notice, timely notice. Okay, so strictly enforcing the notice provision of the policies. Correct. But the policies really apply to the insured, do they not, as opposed to the insurance company that's seeking contribution? I mean, technically. That is right. The other carriers aren't in privity with each other, but the underlying policy is what says if they have an obligation to pay. And the obligation to pay was only triggered upon notice, which simply didn't happen here. The original case was filed in 2015. Zurich and Discover didn't get notice for four years, and despite the fact that they noticed ACE in 2016 in January, they didn't even ask if there were any carriers until October of 18. And even then, there was another almost year delay before either Zurich or Discover were notified of the lawsuit. Would you take the same position if Safe Flight had failed to notice ACE about its other carriers? So, Safe Flight delays for three years, but then once ACE knows, it immediately notifies the two of you? I would be taking the same position, but I think it would be a slightly different case. So, you're saying the equities run against ACE and the contract runs against Safe Flight, and those two things combined mean that your client should prevail? Right. Both of them together. So, there's no inequity here, because ACE also delayed. It would be one thing to hold Safe Flight's conduct solely against ACE with no other conduct on their behalf that was not diligent. But here, that's not the case. They waited for years. So, that delays, what, eight months or something? Of ACE's delay? Well, they waited over two years, so January of 16 to October of 2018, and asked about other carriers. And then when they found out about the other carriers, there was another delay of nine months, eight or nine months, before Zurich or Discover were noticed. You're arguing, in terms of the delay, that goes to the equity of the situation, it seems to me. Although, I guess it does go, in particular, to the provision of timely notice, but suppose we were to hold that this is a, showing up prejudice is required, and there wasn't any ruling on that by the district court, so we would have to remand for that. But would it be appropriate, then, for the district court, as part of the prejudice analysis, to also consider the equity of the fact that it took so long for the parties to be notified? Yes, so the court found, the district court found that there was no prejudice requirement under the Dover Lake Park case, and distinguished Ferrando. And the reason for that was, Ferrando had three main policy reasons why it required prejudice, and none of them were in effect in Dover Lake Park, and the same is true here. So there was the question of the adhesive nature of insurance, and the disparity of bargaining power, the public policy in compensating tort victims, and then the inequity of forfeiting insurance, based on a mere technical violation. None of those are in play here. Once they were properly noticed, both Zurich and Discover have picked up their obligation, and Safelite had adequate insurance to compensate the tort victims. It's not a mere technical violation. It's years delay in notice, and the inequity in bargaining power is lessened. Ferrando was a UM case with an individual. Dover Lake Park was a sophisticated company. Safelite is also a sophisticated company. They chose not to notice the other. Do you have an equitable contribution case from Ohio in which there was not a requirement of a showing of prejudice in order to enforce a timely notice provision? There is not a large body of law with respect to equitable contribution claims specifically in Ohio. There's a lot of declaratory judgment actions between insureds and their carriers to determine who picks up and when, but not a ton of equitable contribution cases. Park Ohio though, by its own language, was limited to the type of progressive injury cases, asbestos, environmental cleanup. It's simply not for this type of case where both the time of injury is known, and we see that throughout the complaint and the amended complaint where there's specific instances of misrepresentations that are identified in particular time frames. So ACE is arguing that this is a form of progressive injury because there are injuries over all these periods of time. How do you respond to that? Or alleged injuries at least. The Ohio Supreme Court in Lubrizol held that both the time of damage and the time of injury are both two separate factors. So here I would say both put us in the Lubrizol framework. You have injuries that happened at specific periods of time. They allege specific misrepresentations that occurred on websites, YouTube videos, blog posts, different things like that specifically identified. And you also have damages in the form of lost profits. Lost profits damages by their very nature are discernible in particular time periods. As a result, Lubrizol held that the all sums approach has no application where the harm is discrete, or the damage is known or knowable to have occurred at a discernible period of time. And that's exactly what you have here. Just to return to the prejudice issue, even if prejudice is required, even under Fernando, the unreasonable notice is presumed prejudicial even under Fernando if prejudice is required. And the policies here clearly gave Zurich and Discover the right and the duty to defend and they were denied that right to participate in the investigation and the defense of the  So your argument is because of the presumed prejudice you don't have to come forward with any showing of concrete harm. But if you had to, can you articulate a concrete harm that you suffered? The harm is not being able to participate in the defense. So as I said, the policies both give us the right and the duty to defend. That means participation in the investigation, the choice of defense counsel. The amount charged for defense counsel, which was one of the issues here, there was a high priced defense counsel that was utilized. I thought there was a stipulation that the defense costs were fair and reasonable. There is a stipulation that the defense costs were fair and reasonable. What are you arguing then? I thought you said they were excessive. The choice of counsel, we would have chosen different counsel, was the testimony in the record. There is testimony by both Discoverers... Okay, well then on remand, if prejudice is finding effect by the district court, then you can argue that the choice of counsel affected the result and you were prejudiced, but that is really not a factual finding we make from the appellate bench. That's right. That's right. The district court found that there was no prejudice requirement. If the court were to find that there was a prejudice requirement... I think if that's true, then you can make your argument to the district court if we go that route. Okay, I see you're just about out of time. Anything else you want to... I think that's all for now. We respectfully request that the court firm... Good morning. Good morning. Good morning. Please, the court, counsel, my name is Richard Garner on behalf of Discover Property and Casualty Company. For all the reasons Zork just argued, we'd be arguing for affirmation of the judgment in favor of Discover, but a couple things before I jump into the arguments that are unique to Discover. First of all, Judge Bush, you hit the nail on the head when you asked whether or not Park, Ohio is a sui generis. If you read the case law in Park, Ohio on Goodyear on progressive injury cases, Supreme Court of Ohio has said, this is a unique set of circumstances. We're going to create a unique set of rules. This is not that kind of case. It falls right under Lubrizol. In the Lubrizol case, I forget whether it was Judge Larson or Judge Bush, it might have been you, Judge Griffin, that asked the question, what happens if we carve this thing up? Lubrizol says, if the damages are known or knowable, you don't get into the Park, Ohio rules. So we're into a situation where there's not going to be any prejudice requirement here because we don't have the unique rules that are under Park, Ohio. Instead, we're looking at Dover Lake, which is appellate district case law from Ohio, and we're looking at the Kincaid case, which is an Ohio Supreme Court case that's safe for pre-tender defense costs. Before you put the other insurer on notice, there is no duty to pay pre-tender defense costs and there is no prejudice analysis. So Judge Griffin, going to your questions on prejudice, I would agree with you for purposes of this appeal, the position, at least of Discover, is no prejudice requirement is involved in this particular case and we would ask the court to decide what Zurich was arguing on a no prejudice basis. Now, Dover Lake is a Ohio Court of Appeals unpublished decision? It's also the national majority position and it went to the Supreme Court and they denied jurisdiction for it and it's consistent with the Kincaid case, which is not a pre-tender defense case, but also says there's no obligation. In Ohio, are unpublished Court of Appeals opinions precedentially binding? Yes. In fact, what they did is they changed the rules on the reporting of decisions several years ago, Judge Griffin, so they all have equal application and the court decides then, based upon this, and this court sitting in diversity jurisdiction then has to decide not only from what the national majority rule is, what the Ohio rules are, and the Ohio Supreme Court cases are to decide what Ohio law would be on this situation. We have to guess what the Ohio Supreme Court would rule. They've told you no prejudice in this kind of situation because the Kincaid case says that. In the Kincaid case, they tried to get certified class action for similar types of damages and the Supreme Court said you don't have any standing to even bring this because you never tendered the claim. Was the Kincaid an equitable contribution case? It was not and we do not have any equitable contribution claims in this context, Judge Bush, to answer your question because they are limited to It should be different for equitable contribution versus when an insurer is seeking coverage from an insurer. Yes. Equitable contribution cases are typically taking place in the context of the long tail progressive injury claims where it's very hard to determine when the damage actually happens. So they go from moment of first exposure to injurious conditions to the end of the disease or to the end of the pollution or whatever it might be. I want to turn my attention very quickly, if the court will allow me, just to the unique arguments we have because they are slightly different. One of the things we have in discovered policy are SIR provisions that set absolute preconditions to coverage. So they are not like normal notice provisions and they are set forth at pages 20 to 23 of our brief. And in those provisions, there are specific requirements, none of which were met in this particular case. 30 day notice of any claim that may exceed half a million dollars, cannot exceed half a million dollars in defense costs without Discover's express written consent, you must provide quarterly expense reports to Discover, and you must notify Discover when defense costs exceed one third of the SIR within 15 days. None of that was done in this case. So when we look at page 23 of our brief, this is what the policy says. It is a condition preceded to any liability under this policy that these conditions be met. Now we have filled our brief with cases from this court, from the Supreme Court of Ohio, from the Southern District of Ohio, and from Ohio's appellate courts that say when we have these kinds of provisions that are claims made type provisions in the policies, these are absolute conditions preceding to coverage. The policy isn't even triggered, so you can't get equitable contribution because I don't share a common debt with Ace. We were never triggered until such time as these things were done by express agreement of the contracting parties. Now the argument that's made in contradiction to that, and I think Judge Larson, you hit on this, which was, well, aren't we talking about equity? And so we have to step back and say, what are we talking about here? Equity does not make my policy a blank sheet of paper. We obviously, we heard that from Mr. Wadley. He basically agreed. If in fact, let's say that AIPI, the advertising injury, personal injury took place in 2020, my policies are at 2010 to 2012, there's no way my policies are ever triggered for that. And so under those circumstances, I don't share a joint debt with Ace. And for the same reasons here, they didn't comply, Safe Flight didn't comply with provisions because there were absolute preconditions to coverage, just like as if it fell outside the policy period, if it fell outside the insuring agreement, if there was express exclusion on it, or if somehow you had to meet certain limits to get to where you needed to get to. So for our purposes, even if this court were to find a prejudice analysis, we have policy language that says, no prejudice required, so there would still be judgment that should be affirmed. All right. Thank you. Thank you. Any other questions, Judge Bush? No.  Thank you, Counsel. Rebuttal? Thank you, Your Honors. With respect to the conditions, that is the central holding of Park, Ohio. In those cases, the non-targeted insurers argued that they did not share a common obligation because equitable contribution only applies amongst policies that are applicable, and their policies are only applicable once they've been notified of the underlying case and their notice conditions have been complied with. What the Supreme Court said in Park, Ohio was that, no, we're dealing with an equitable remedy here, and when you have one carrier that has been targeted to fulfill an obligation that the insured could have selected any of its carriers to fulfill, once it fulfills that obligation, it is entitled to equitable contribution from the others unless they can show prejudice. These are not claims made in reported policies. These are occurrence-based policies. The insuring agreements are triggered based on the occurrence of personal and advertising injury occurring during the policy period, and essentially the rule that the defendants in this case are arguing for is that the insured gets to control the targeted carrier's right of equitable contribution. The insured, by not providing notice to the other carrier, not complying with the other carrier's notice conditions, can essentially cut off the targeted insurer's right of equitable contribution, which is precisely contrary to what Park, Ohio says. And when you're dealing with progressive injury versus non-progressive injury, again, the analytical framework is the same when you're dealing with the duty to defend, because for all intents and purposes, the duty to defend is all sums, because each carrier has an obligation to defend against the entire lawsuit. And so one of the things that was mentioned by counsel was that, okay, they were deprived of the opportunity to select defense counsel, to control the defense, et cetera. Well, those are all of the issues that Park, Ohio avoids, right, by allowing the insured to select a single carrier with which to deal during the litigation. Because let's assume a hypothetical situation occurs where Safe Flight does notify all three carriers. Who gets to decide on the identity of defense counsel? All three carriers can claim that they have the right to control the defense. And so that's one of the disagreements that gets avoided with the application of the Park, Ohio rule, which says, I'm an insured. I can pick any one of these three carriers to provide a defense. I select Ace. Ace works with them. All of the defense costs stipulated to be reasonable and necessary. There's no liability that's been incurred before, no indemnity liability that's been incurred before the other carriers are notified. So they can't be prejudiced by virtue of something that happened that triggered liability before they were notified of the lawsuit. And so in those situations, the equities are on the side of the carrier that fulfilled the obligation that was targeted by the insured, that paid the money to defend the insured, to protect the insured from the underlying claim. And the non-targeted carriers don't get a free ride off of that simply because the insured didn't comply with their notice conditions, at least not in the absence of prejudice. And that's the rule of Park, Ohio. With respect to those, the contract cases, things of that nature, Dover Lake, none of those cases are equitable contribution actions. Those are breach of contract actions where an insured has attempted to obtain defense costs and other expenses incurred before notifying any of its insurer. In this case, that's not the situation. And just the last thing on the timeline, and then finally, with respect to the delay, I would say that Park, Ohio has already spoken on this issue as to where the equities lie under Ohio law, notwithstanding the delay in notice. And in Park, Ohio, the rule is that there's actually not even an obligation to provide notice until after the obligation has been fulfilled. There is no right of contribution until you've paid first. So necessarily those fees need to be incurred before there's even a right of equitable contribution. And then just the final point is that if you look at how Park, Ohio defined the term progressive injury, it said cases in which loss or injury is caused over a period of time and multiple insurance policies cover that time. That's what we have here. We have loss or injury caused over time by multiple alleged derogatory statements made throughout multiple time periods resulting in an alleged loss of profits. Any further questions? Thank you, Counsel. Thank you, Your Honor. The case will be submitted. May call the next case.